UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANNIE ROBINSON TISDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:24-cv-1235-JAR |
| | ) | |
| ELIZABETH BYRNE HOGAN et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on self-represented Plaintiff Jannie Robinson Tisdell's amended complaint (Doc. 15) and motions for emergency injunctive relief and temporary restraining order (Doc. 2, 9, 18) seeking to enjoin the sale of real property the subject of a quiet title action in Missouri state court. Defendants are state court judges and the apparent owner of the property. For the reasons set forth below, the Court must dismiss the case.

### Background

In October 2021, Plaintiff's cousin, Henry Robinson, was served with a divorce petition from his wife, Defendant Keisha Robinson, in the 22nd Judicial Circuit of Missouri.[1] Plaintiff attended hearings in the case in March and May 2022, where she informed Defendant Judge John Bird that she and her husband had a legal interest in the marital home. Plaintiff claimed that she gifted the real estate to Henry, but Keisha was also named on the quitclaim deed due to Henry's past financial difficulties. Plaintiff further claimed that Keisha fraudulently obtained the deed by hiding her bankruptcy status and defrauded the bankruptcy court by failing to name Plaintiff as a creditor pursuant to deed restrictions. Judge Bird told Plaintiff that she could participate in the

---

[1]    *Robinson v. Robinson*, Case No. 2122-FC01353, 22nd Judicial Circuit of Missouri (St. Louis City).

proceedings only as a witness, and that she should hire an attorney if she claimed an interest in the property.

Plaintiff engaged counsel and filed a motion to intervene as a necessary and indispensable party. She asked the court to set aside the disputed real estate as non-marital property and moved for summary judgment, arguing that Keisha's fraudulent conduct, vis-à-vis both Plaintiff and the bankruptcy court, invalidated the quitclaim deed transfer. Judge Bird denied Plaintiff's motion to intervene, finding that Plaintiff and her husband had no rights or interest in the subject real estate. (Doc. 8-3 at 17-22).[2] Judge Bird entered a final dissolution judgment in October 2023. (Doc. 8-3 at 44-61).[3]

In July 2023, Plaintiff and her husband filed a separate quiet title action seeking to rescind the quitclaim deed and restore all parties to their former positions, i.e., prior to transfer of the deed that Keisha allegedly obtained by fraud.[4] On August 23, 2024, Plaintiff filed a motion in the quiet title action asking Defendant Presiding Judge Elizabeth Hogan to take judicial notice of the Robinsons' divorce case and stay the appointment of a real estate commissioner pending the adjudication of lawful title. On September 3, Keisha filed a motion in the divorce case to

---

[2]     In his order denying the Tisdells' motion to intervene, Judge Bird noted that the motion was untimely insofar as Plaintiff attended and even testified in the dissolution trial but did not seek to intervene until after the close of the evidence. (Doc. 8-3 at 18-19). On the merits, Judge Bird reasoned that (1) nothing in the deed language restricting the use of the property as collateral would cause it to revert to the Tisdells upon a breach of those restrictions and (2) even accepting Plaintiff's claims that the property was meant to stay in Henry's family, and that Keisha was given title only to protect it from dissipation, the property would then be set aside for Henry and would never revert to the Tisdells. (*Id.* at 20-21).

[3]     In his final dissolution judgment, Judge Bird found Keisha's testimony credible and found *some* of Henry's and Plaintiff's testimony credible. (Doc. 8-3 at 46). Noting that both spouses' names were on the deed, Judge Bird found that the house was marital property. (Doc. 8-3 at 47, 51).

[4]     *Tisdell et al. v. Robinson et al.*, Case No. 2322-CC02433, 22nd Judicial Circuit of Missouri (St. Louis City).

2

raise the security level of the court file on CaseNet. (Doc. 8-2 at p. 3). The court granted the motion, rendering the entire divorce file confidential. (*Id*. at p. 2).[5]

Meanwhile, the judge presiding over the quiet title action, Defendant Judge Joseph Whyte, set a hearing on all pending motions for September 12. However, on September 11, Plaintiff filed the present federal complaint, prompting Judge Whyte to recuse. The case was then reassigned to Judge Joseph Rathert,[6] and the hearing was reset for October 28.

In her initial complaint in this Court, Plaintiff asserted two claims against the Defendant Judges. First, invoking 42 U.S.C. § 1983, Plaintiff alleges that Judge Bird violated her rights to due process and equal protection by denying her motion to intervene in the divorce case and depriving her of her real property. Plaintiff contends that Judge Bird acted without jurisdiction over <u>all</u> parties (namely Plaintiff), and that the final dissolution judgment is void because it was procured by fraud. Second, invoking the Fourteenth Amendment, Plaintiff alleges that Judges Hogan and Whyte violated her rights to due process and equal protection by denying her access to the Robinsons' divorce file via CaseNet and refusing to take up the quiet title action. Plaintiff requested an emergency injunction enjoining enforcement of Judge Bird's dissolution judgment, a declaration that the judgment is void, and an order rescinding the quitclaim deed.

Concurrent with her complaint, Plaintiff filed a motion for emergency injunctive relief seeking to halt further action in the state court cases. (Doc. 2). On September 23 and 25, Plaintiff filed a motion for TRO and requested a hearing September 30. (Doc. 9, 10, 12). On September 26, this Court denied Plaintiff's request and ordered her to show cause why this case

---

[5]    Missouri Supreme Court Operating Rule 4.24(1)(s) authorizes a court to seal public records for good cause.

[6]    Judge Rathert, a circuit judge in neighboring Jefferson County, was assigned the case upon a transfer order of the Supreme Court of Missouri pursuant to Mo. Const. Art. V, Sec. 6.

should not be dismissed for lack of subject matter jurisdiction under the domestic relations exception and *Rooker-Feldman* doctrine. (Doc. 11, 13). On September 27, Plaintiff filed a response arguing that *Rooker-Feldman* does not apply to non-parties (i.e., with respect to the dissolution case) and her claims raise federal questions of constitutional due process. (Doc. 14).

On September 30, Plaintiff amended her complaint by abandoning her claim against Judge Bird and adding Keisha Robinson as a defendant. (Doc. 15). Plaintiff also invokes Rules 1019 and 1007 of the Federal Rules of Bankruptcy Procedure as additional bases for this Court's jurisdiction[7] but asserts no separate legal claims against Keisha. Plaintiff requests a temporary restraining order enjoining the sale of the property, an order rescinding the quitclaim deed, and a declaration recognizing Plaintiff as the rightful owner. Concurrent with her amended complaint, Plaintiff filed another motion for TRO asking the Court to set a hearing for October 7 and enjoin the sale of the property. (Doc. 18).

### Discussion

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). The Court assumes that a cause of action lies outside of its limited jurisdiction, and the burden of establishing the Court's jurisdiction is on the party asserting it. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The Court can raise the question of its subject matter jurisdiction at any time. *Long v. Area Mgr., Bureau of Reclamation*, 236 F.3d 910, 916 (8th Cir. 2001).

Plaintiff invokes the Court's subject matter jurisdiction under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Though Plaintiff cites principles of due

---

[7]    Rule 1019 governs conversion of a Chapter 13 case to a Chapter 7 liquidation. Rule 1007 sets requirements for lists, schedules, and statements.

process and equal protection as the basis for this Court's jurisdiction, the allegations in her filings are conclusory and do not articulate a colorable constitutional violation. Plaintiff centrally asserts that the Defendant Judges disregarded Keisha's alleged bankruptcy fraud to deem the property marital and treated Plaintiff unfairly by denying her motion to intervene in the divorce case and sealing the file, not transferring the quiet title case to a judge of Plaintiff's choosing, and not addressing her motions in that case.

The Court has reviewed Plaintiff's complaints and motions, including the exhibits attached to Plaintiff's first TRO motion (Doc. 8), and the Court finds no facial or factual basis for a colorable constitutional claim against the Defendant Judges that would withstand dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim entitling Plaintiff to relief. Moreover, even if the Court held any doubt in this respect (which it does not), federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) (citing *Younger v. Harris,* 401 U.S. 37 (1971)). This Court's interference in a pending state court real property dispute would deeply offend principles of comity.

Additionally, the domestic relations exception divests federal courts of jurisdiction over any divorce action. *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994). Even when a cause of action closely relates to but does not precisely fit into the contours of a divorce action, federal courts generally will abstain from exercising jurisdiction. *Id*. This case clearly relates to the division of marital assets in state court.

Further, Plaintiff names the Defendant Judges in their official capacity. The Eleventh Amendment bars a plaintiff from suing a state official in her official capacity except for certain

claims seeking prospective equitable relief. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). "Under the *Ex parte Young* doctrine, a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law." *281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011). In determining whether this exception applies, a court examines whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Id.* The *Ex parte Young* exception only applies against officials who are about to commence proceedings to enforce an unconstitutional act. *281 Care Comm. v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014). That is not the case here. As stated above, Plaintiff's filings and exhibits do not demonstrate or even plausibly allege the threat of an unconstitutional act by the Defendant Judges.

Even if Plaintiff had sued the judges in their individual capacities, judges are entitled to immunity for their official actions, and injunctive relief "shall not be granted" unless a declaratory decree was violated or declaratory relief is unavailable. 42 U.S.C. § 1983; *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019). Plaintiff's allegations against the Defendant Judges fall squarely within their official duties, and Plaintiff does not establish any basis to overcome immunity.

Finally, with respect to Defendant Robinson, to state a claim under § 1983, a plaintiff must establish a constitutional violation by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Keisha is a private citizen and cannot be sued under § 1983. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). Rules 1019 and 1007 of the Federal Rules of Bankruptcy Procedure do not vest this Court with jurisdiction or create a cognizable cause of action for Plaintiff.

6

"If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). Put simply, the Court's interference in Plaintiff's property dispute in state court is unwarranted and improper.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED**.

Dated this 4th day of October 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE